UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**EDWARD MACDONALD.**
**Plaintiff,**

VS. C.A. NO.: 05-409 T

**BYRON D. OLIVER**
**Defendant.**

## ANSWER AND COUNTERCLAIM

## I. ANSWER:

1. The Defendant neither admits nor denies the allegations contained in Paragraph 1 of the Complaint, but leaves Plaintiff to his proof.

2. The Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. The Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. The Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. The Defendant neither admits nor denies the allegations contained in Paragraph 5 of the Complaint, but leaves Plaintiff to his proof.

6. The Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. The Defendant admits the existence of a Promissory Note, but neither admits nor denies the particulars of the Promissory Note, and asserts that the document speaks for itself.

8. The Defendant admits the existence of a Promissory Note, but neither admits nor denies the particulars of the Promissory Note, and asserts that the document speaks for itself.

9. The Defendant admits the existence of a Promissory Note, but neither admits nor

denies the particulars of the Promissory Note, and asserts that the document speaks for itself.

10. The Defendant admits the existence of a Promissory Note, but neither admits nor denies the particulars of the Promissory Note, and asserts that the document speaks for itself.

11. The Defendant denies the allegations contained in Paragraph 11 of the Complaint based on the Plaintiff's conduct as described in the Counterclaim below.

12. The Defendant denies the allegations contained in Paragraph 12 of the Complaint based on the Plaintiff's conduct as described in the Counterclaim below.

13. The Defendant denies the allegations contained in Paragraph 13 of the Complaint based on the Plaintiff's conduct as described in the Counterclaim below.

## AFFIRMATIVE DEFENSES

### First Defense

The Defendant asserts that because of the Plaintiff's own actions, the Plaintiff is estopped from asserting the claims contained in the Complaint based upon the "clean hands doctrine".

### Second Defense

The Defendant pleads the doctrine of recoupment and offset based on the Plaintiff's conduct as outlined in the Counterclaim below.

WHEREFORE, the Defendant prays that the Complaint be dismissed, and that the Plaintiff recover nothing, and that the Defendant be awarded his costs and attorneys fees in defending this action.

## II. COUNTERCLAIM:

1. This Counterclaim is brought to pursue economic damages to the Defendant caused by the Plaintiff's conduct in violating the terms of a Non-Compete Agreement (the "Non-Compete Agreement") entered into between the Plaintiff and the Defendant's related entities, EMAC Warehouse Services, Inc., a Rhode Island Corporation, and Oliver Holding Corporation, of St. John V.I. ("Defendant's Entities").

2. The Non-Compete Agreement was entered into by the Defendant's Entities and the Plaintiff concurrently on October 31, 2003 with the Promissory Note which is the subject of the Complaint (the "Note"), and in fact the Note evidences a portion of the purchase price of the Plaintiff's shares of stock in EMAC Warehouse Services, Inc. ("EMAC"), and the Note is signed as joint obligors by both the Defendant and Oliver Holding Corporation ("OHC"), one of the Defendant's Entities, which actually acquired the Plaintiff's shares of stock in EMAC.

3. The Note and the Non-Compete Agreement are interrelated, amongst other documents signed on October 31, 2005 by the Plaintiff, the Defendant, and the Defendant's Entities, and all of those documents are related to a transaction in which the Defendant purchased a controlling interest in EMAC, including the shares of stock of the Plaintiff in EMAC, with the Plaintiff previously having owned a significant interest in EMAC.

4. Under the terms of the Non-Compete Agreement, a copy of which is attached hereto as Exhibit A to this Counterclaim, the Plaintiff (and his related entities) as the seller of his shares of stock in EMAC to OHC agreed, inter alia, not to compete with EMAC in the warehousing of goods for EMAC's existing customers.

5. The Plaintiff has in fact competed with EMAC through his related entity, E. MAC Transport Co., Inc., ("ETCI"), by, inter alia, causing ETCI to conduct significant warehousing business through the use of storage trailers rented to one of EMAC's largest customers, American Power Conversion, in complete and utter disregard of the provisions of the Non-Compete Agreement. In fact, ETCI conducted such storage for American Power Conversion in violation of the Non-Compete Agreement, at the same premises which EMAC had previously leased a portion of a building for its storage of American Power Conversion's goods.

6. The Non-Compete Agreement referenced the Stock Purchase Agreement between the parties, which in turn serves as the basis of the Note which is the subject of the Complaint.

7. The conduct of the Plaintiff in violation of the Non-Compete Agreement as described above, took place prior to the expiration of the Non-Compete Agreement's restrictive covenants on October 31, 2005.

8. The conduct of the Plaintiff as described in this Counterclaim and otherwise, has caused the Defendant significant financial harm as a principal of OHC (which in turn is a principal of EMAC), and EMAC has assigned its rights to pursue this cause of action to the Defendant. This financial harm includes but is not limited to the loss of significant revenue by EMAC from American Power Conversion based on the Plaintiff causing ETCI to improperly divert a portion of American Power Conversion's warehousing business from EMAC to ETCI.

Wherefore, the Defendant demands judgment against the Plaintiff for an amount deemed appropriate by this Court, in addition to interest, costs, and attorney's fees.

Byron D. Oliver,
By his Attorneys,

Joshua Teverow, Esquire
Joshua Teverow, Esquire, Ltd.
55 Pine Street
Providence, RI 02903
401-272-2900
401-331-2656 (Fax)
RI BAR #2132

Daniel P. Carter, Esquire
Law Office of Daniel P. Carter
222 Jefferson Blvd.
Warwick, RI 02888
401-732-6863
401-732-5438 (Fax)
RI BAR #

Dated: December 20, 2005

CERTIFICATION

I, hereby certify that I sent a true and accurate copy of this Answer and Counterclaim by facsimile (401-272-9937) and regular mail to Marc DeSisto, Esquire, 211 Angell Street, P.O. Box 2563, Providence, Rhode Island 02906-2563 on this 20th day of December, 2005.