EXHIBIT A

# NON-COMPETE AGREEMENT

THIS NON-COMPETE AGREEMENT ("Agreement") is made and entered into this 31st day of October, 2003, by and between **Edward MacDonald**, of Johnston, Rhode Island ("Seller"), **EMAC Warehouse Services, Inc.**, a Rhode Island corporation (the "Corporation"), and **Oliver Holding Corporation**, of St. John V. I. ("Buyer").

WITNESSETH:

WHEREAS, Buyer and Seller have entered into Stock Purchase Agreement dated September 1, 2003, pursuant to which Seller has agreed to sell, and Buyer has agreed to purchase, Seller's stock in the Corporation ("Stock Purchase Agreement"); and

WHEREAS, in connection with the transactions contemplated by the Stock Purchase Agreements, Seller has agreed to enter into a non-compete agreement upon the terms and conditions contained herein.

NOW, THEREFORE, in consideration of the premises and the mutual covenants herein contained, the receipt and sufficiency of which is hereby acknowledged, the parties hereto hereby agree as follows:

**SECTION 1. Covenant Not to Compete.**

1.1 Seller hereby agrees not to assist, manage, control, or have any active interest in, directly or indirectly, in a warehouse business as heretofore or hereafter conducted by the Corporation (the "Business"), anywhere in the State of Rhode Island, either alone or in association with any other person, firm, corporation or any other business organization.

1.2 Seller further agrees (i) not to call upon, solicit, advise or otherwise do, or attempt to do, business with any customers or accounts of the Corporation relating to the Business; (ii) not to take away or interfere or attempt to interfere with any custom, trade, business or patronage of the Corporation relating to the Business; (iii) not to interfere or attempt to interfere with any employees, representatives or agents of the Corporation or induce or attempt to induce any of them to leave the employ of the Corporation; (iv) not to divulge any confidential information or make available to any other person or entity, any documents, files or other papers relating to the Business except in the event Seller is legally compelled to make such disclosure under court order or subpoena and except that Seller may disclose such information in confidence to its legal and financial advisors if necessary for them to service Seller's legal and financial needs; and (v) not to commit any act, or in any way assist others to commit any act, which will injure the Corporation in the conduct of the Business.

1.3 The period of time during which Seller is prohibited from engaging in the activities enumerated in Section 1.1 and Section 1.2 hereof shall commence on the date hereof and end on October 31, 2005.

1.4 Seller and Buyers intend that the covenants of Section 1.1 and Section 1.2 hereof shall be deemed to be a series of separate covenants which are divisible as to time and location. If, in any judicial proceeding, a court shall refuse to enforce any of such separate covenants, then such unenforceable covenants shall be deemed eliminated from the provisions hereof for the purpose of such proceedings to the extent necessary to permit the remaining separate covenants to be enforced in such proceedings. If, in any judicial proceeding, a court shall refuse to enforce any one or more of such separate covenants because the total time thereof is deemed to be excessive or unreasonable, then it is the intent of Seller and Buyers that such covenants, which would otherwise be unenforceable due to such excessive or unreasonable period of time, be enforced for such lesser period of time as shall be deemed reasonable and not excessive by such court.

1.5 Seller and Buyers hereby acknowledge that any action by Seller referred to in Section 1.1 and/or Section 1.2 hereof may cause the Corporation and Buyers irreparable injury and damage for which monetary damages are inadequate. Accordingly, in the event of a breach or a threatened breach of Section 1.1 and/or Section 1.2 hereof, the Corporation shall be entitled to seek an injunction restraining such breach. Nothing contained herein shall be construed as prohibiting the Corporation from pursuing any other remedy available to Buyer for such breach or such threatened breach.

1.6 Seller has carefully read and considered the provisions of this Section 1 and, having done so, agrees that the agreements and restrictions set forth in this Section, including, without

limitation, the time period of restriction and geographical area of restriction, are bargained for, fair and reasonable restrictions on Seller.

**SECTION 2. <u>No Rights Created in Third Parties.</u>**

2.1 Nothing contained herein shall be deemed a covenant by the Corporation to retain on any terms or conditions whatsoever the services of any person who is an officer, employee or agent of Corporation on the date hereof, nor shall anything contained herein be deemed to create any rights whatsoever in any person to be engaged as an officer, employee, agent or independent contractor of the Corporation.

**SECTION 3. <u>Consideration.</u>**

3.1 In consideration of the agreements of Seller contained in this Agreement, Buyers agree to consummate the transactions contemplated by the Stock Purchase Agreement, which transaction would not be consummated absent this Agreement.

**SECTION 4. <u>Notices.</u>**

4.1 All demands, notices and communications hereunder shall be in writing and shall be given by hand-delivery, United States mail (certified, return receipt requested), overnight courier service or other means, in each case with all postage or delivery charges prepaid, to the party

entitled thereto at such party's address set forth below:

| | |
|---|---|
| If to the Seller: | Edward MacDonald<br>9 Crystal Court<br>Johnston, RI 02919 |
| With a Copy to: | Richard Bogue, Esq.<br>Plourde, Bogue, McLaughlin & Moylan, LLP<br>50 Exchange Terrace<br>Suite 320<br>Providence, RI 02903 |
| If to Purchaser: | PO Box 728<br>13 Monte Bay Road<br>St. John USVI 00831 |
| With a Copy to: | Daniel P. Carter, Esq.<br>222 Jefferson Boulevard<br>Warwick, RI 02888 |

or at such other address as such party may hereafter furnish to the other party by notice conforming to the requirements of this Section. Any demand, notice or communication hereunder shall be deemed to have been given upon delivery to the appropriate address if delivered other than by mail and, if delivered by mail, upon depositing the same in the United States mail as above stated (as evidenced by the date noted on the return receipt).

**SECTION 5. Separability Clause.**

5.1 Any provision of this Agreement that conflicts with applicable law or is held to be void or unenforceable shall be ineffective to the extent of such conflict, voidness or unenforceability without invalidating the remaining provisions hereof, which remaining provisions

shall be enforceable to the fullest extent permitted under applicable law.

**SECTION 6. Governing Law.**

6.1 This Agreement shall be construed, and the obligations, rights and remedies of the parties hereunder shall be determined, in accordance with the laws of the State of Rhode Island, without reference to the principles of conflict of laws thereof.

**SECTION 7. Successors and Assigns; Assignment of Agreement.**

7.1 This Agreement is binding upon and shall inure to the benefit of and be enforceable by the parties hereto and their respective successors and assigns. This Agreement may not be assigned, pledged or hypothecated by any party hereto to any person not a party hereto, whether by operation of law or otherwise, without the consent of all parties to this Agreement. This Agreement is not intended to confer upon any person not a party hereto any rights or remedies hereunder unless such person is a permitted successor to or assignee of a party hereto.

**SECTION 8. Waiver.**

8.1 The failure of any party to insist upon strict performance of any covenant or obligation hereunder, irrespective of the length of time for which such failure continues, shall not be deemed a waiver of such party's right to demand strict performance of such covenant or

obligation at a later time. No consent to or waiver of any breach or default in the performance of any covenant or obligation hereunder, whether express or implied, shall constitute a consent to or waiver of any other breach or default in the performance of the same or any other covenant or obligation hereunder. No term or provision of this Agreement shall be deemed waived unless such waiver is in writing and signed by the party against whom such waiver is sought to be enforced.

**SECTION 9. Entire Agreement; Amendment.**

9.1 This Agreement constitutes the entire agreement and supersedes all other prior agreements and understandings, both written and oral, between the parties hereto with respect to the transactions contemplated hereby and the subject matter hereof. No provision of this Agreement may be modified, altered or amended except in a writing executed by all parties hereto.

**SECTION 10. Captions.**

10.1 The Section and other headings contained in this Agreement are inserted only as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

**SECTION 11. Counterparts.**

11.1 This Agreement may be executed simultaneously in any number of counterparts,

each of which shall be deemed to be an original, and all of which shall constitute but one and the same instrument.

**SECTION 12. <u>Prevailing Party's Costs and Expenses</u>.**

12.1 In the event of a dispute between the parties hereto, the prevailing party shall be allowed to recover all reasonable costs incurred in connection with such dispute including, without limitation, reasonable attorney fees.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their respective officers thereunto duly authorized as of the day and year first above written.

WITNESS: EMAC Warehouse Services, Inc.

____________________________ By:____________________________

____________________

Its President

____________________________ ____________________________

Edward MacDonald, Individually
Seller

Oliver Holding Corporation
Buyer

____________________________ By:____________________________

Byron D. Oliver
Its President

agrement\EMACWarehouse\non-compete4-Ed.doc