**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**Edward MacDonald**

vs. **CA No. 05-409T**

**Byron D. Oliver**

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY**

Byron D. Oliver, pursuant to Federal Court Rules of Civil Procedure 12 and 19, hereby moves to dismiss the Plaintiff's Complalint for failure to join an indispensable partiy which, if added, will destroy the diversity of parties forming the basis of subject matter jurisdiction in this Court. A memorandum of law is attached herto and incorporated by reference as Exhibit A.

Byron D. Oliver,
By his Attorneys,

Barbara Harris #3023
248 Bowen Street
Providence, RI 02906
Phone: 751-2022
Fax: 751-1440
Email: bhlaw@cox.net

Joshua Teverow, Esquire RI BAR #2132
55 Pine Street
Providence, RI 02903
401-272-2900
401-331-2656 (Fax)

Daniel P. Carter, Esquire RI BAR # 3256
Law Office of Daniel P. Carter
222 Jefferson Blvd.
Warwick, RI 02888
401-732-6863
401-732-5438 (Fax)

401-732-5438 (Fax)

**Certification**

I certify that I caused a copy of this document to be served upon the following counsel by fax / first class mail, postage prepaid on the 1st day of April, 2006.

Marc DeSisto Esq.
DeSisto Law
211 Angell Street
Providence, RI 02906
272-9937

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**Edward MacDonald**

vs. **CA No. 05-409T**

**Byron D. Oliver**

DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY

The Plaintiff, Edward MacDonald, is a Rhode Island resident. The Defendant, Byron D. Oliver, is a resident of the Virgin Islands. The indispensable and unjoined party, Oliver Holding Corporation, is a Rhode Island corporation. See **Exhibit 1.** MacDonald has sued Oliver on a Promissory Note. Oliver contends he should not be required to pay the Note, or alternatively, he should be able to set off, and/or recoup his payments on the Note because of damages caused to Oliver Holding Corporation by MacDonald, who, after selling his stock in his company, EMAC Warehouse Services, Inc., to Oliver Holding Corporation, continued or sought additional warehouse business with EMAC's major customer, American Power Conversion, in breach of an agreement in favor of Oliver Holding Corporation not to compete with EMAC. The Plaintiff has not joined Oliver Holding Corporation, a Rhode Island corporation, as a defendant. Without Oliver Holding Corporation there cannot be a fair and just determination of the merits of this case.

**Introduction:**

Byron D. Oliver, pursuant to Federal Court Rules of Civil Procedure 12 and 19, hereby moves to dismiss the Plaintiff's Complaint for failure to join an indispensable party, Oliver Holding

Corporation (Oliver Holding), which, if added, will destroy the diversity of parties forming the basis of subject matter jurisdiction in this Court. Oliver Holding is an indispensable party, without whose presence complete relief cannot be accorded among those already parties, or whose claims are so situated that the disposition of the action in the party's absence will impair or impede its ability to protect its interest, or leave those already parties subject to incurring inconsistent obligations. Therefore, pursuant to Fed. Rule Civ. Proc. 19, Oliver Holding must, in equity and good conscience, be joined as a party defendant for this action to proceed fairly among those already parties and for the reasons stated below.

**Factual Basis:**

The Promissory Note (the "Note"), which is the basis of the subject Complaint, was executed by Oliver Holding Corporation and Byron D. Oliver on October 31, 2003 in connection with the Oliver Holding's purchase of stock in EMAC Warehouse Services, Inc. ("EMAC") owned by Plaintiff, Edward MacDonald. The Note was executed as one of many instruments in the course of the same transaction for the sale of stock and indemnification of lease obligations of MacDonald and EMAC. One the instruments executed by MacDonald in connection with the sale of stock and the Note at the time was a Non-Compete Agreement ("Non-Compete"). The entire closing binder index including the Non-Compete Agreement is attached as **Exhibit 2**. The Non-Compete Agreement ran to Oliver Holding Corporation ("Oliver Holding") which purchased the stock, but not to Oliver personally. Under the Non-Compete, MacDonald promised not to engage directly or indirectly in the warehouse business for 2 years (October 31,2003-October 31, 2005). The Non-Compete was tendered in consideration for Oliver Holding's purchase of Plaintiff's stock in EMAC. In addition, Oliver, personally, executed a

Lease Indemnification Agreement to ETCI (another of MacDonald's corporations), as consideration for the transfer of Plaintiff's stock to Oliver's corporation, Oliver Holding.

Because of the interrelatedness of all the documents executed at the same time in the course of the same transaction, i.e., the purchase and sale of stock by MacDonald to Oliver Holding, it is essential that Oliver Holding be joined as a party to determine the mutual rights and obligations of the parties. Oliver Holding is an indispensable party, because it has a claim that MacDonald breached his Non-Compete thereby voiding, or offsetting, obligations to pay the Note.

## Legal Arguments:

### I. Rule 19 Requires Joinder of all Necessary Parties to a Just Adjudication

Rule 19. Joinder of Persons Needed for Just Adjudication

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

A "necessary" party under Rule 19(a) is one that should be joined to effect a just adjudication, while an "indispensable" party under Rule 19(b) is simply a "necessary" party under Rule 19(a)

who, for one reason or another, cannot be made a party and without whom the court determines the action cannot proceed. Daytard v Ness, Motley Loadhold, Richardson & Poole, P.A., 184 F. Supp 2d 55 (D. MA 2001). The determination of whether a party is "indispensable" requires two steps: First, is the party "necessary" under Rule 19(a)? Second, if the party is "necessary," is it also "indispensable" under Rule 19(b)? E.g., United States v. San Juan Bay Marina, 239 F.3d 400, 405 (1st Cir. 2001).

Notwithstanding the limitations of Rule 19(a)(1), all persons who have a substantial interest in the litigation must be made parties whenever necessary to assure that the relief which may be awarded will completely and effectively adjudicate the dispute. Smith v. Mandel, 66 F.R.D. 405, 408 (D.S.C. 1975). In the case of a necessary party whose joinder will have an adverse impact on the jurisdictional basis, the court must determine whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed. R. Civ. P. 19(b). Trombino v. Transit Casualty Co., 110 F.R.D. 139, 143, 1986 U.S. dist. LEXIS 26306 (D. R.I. 1986).

As Judge Selya set forth in the Trombino case, Id., the Court must evaluate various factors:

1) The extent to which a judgment rendered in the missing person's absence might be detrimental (either to him or to those already parties).

2) The extent to which any such prejudice can be palliated by protective provisions in the judgment, by the shaping of relief, or by kindred measures.

3) The adequacy of a judgment rendered in the missing person's absence.

4) The effect on the plaintiff of a dismissal for non-joinder.

Moreover, the above factors are not inflexible benchmarks. Soar v. National Football League Players' Association, 65 F.R.D. 531, 536 (D.R.I. 1975). The quintessential tests are "pragmatism,", and "equity and good conscience." Trombino v. Transit Casualty Co, id., citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, at 118, (1968) and Rousseau v. United States Trust Company of New York, 422 F. Supp. 447, 451 (S.D.N.Y. 1976).

R.I. Gen. Laws § 6A-3-408 (1985), states in relevant part that "want or failure of consideration is a defense as against any person not having the rights of a holder in due course (§ 6A-3-305); . . . . partial failure of consideration is a defense pro tanto whether or not the failure is in an ascertained or liquidated amount." DiMartino v. Aquidneck Court Associates, 108 B.R. 394, 403 (D.RI 1989). Cases involving rescission of a contract (or modification) must be dismissed unless all parties to the contract and others having a substantial interest in it can be joined. Acton Co., Inc. v. Bachman Foods, Inc. 668 F.2d 76, 81-82, 33 Fed R.Serv. 2d (1st Cir. 1982).

The within dispute is clearly a contract dispute involving a multi-document stock purchase transaction and should involve all parties to the contract. The parties herein could be subject to inconsistent of double obligations and such a possibility weighs heavily in favor of finding that a party is indispensable. Z & B Enterprises, Inc. v. Figueroa, 2006 U.S. LEXIS 1124, *14 (1st Cir. 2006). Another factor in favor of indispensable joinder is whether there is prejudice likely that cannot be prevented by fashioning a judgment or verdict. A third factor is whether the interest

of the courts and the public in "complete, consistent, and efficient settlement of controversies" can be achieved. And finally, a factor to consider is whether a adequate alternative forum is available to the plaintiff. Id.

These four factors should be considered together, but not all must be present. The ultimate determination is whether "equity and good conscience" require the Court to dismiss the lawsuit for failure to join the indispensable party. Id.

**A. Determination of Liability on the Promissory Note Requires Joinder of Oliver Holding Because The Note is Interdependent with other Instruments**

It has long been a general rule in this jurisdiction that instruments executed "at the same time, for the same purpose and in the course of the same transaction .... are to be considered as one instrument and are to be read and construed together." Rotelli v. Catanzaro, 686 A.2d 91 (RI 1996) (citations omitted) (promissory notes executed as part of single transaction construed together to determine the mutual rights and obligations of the parties). Moreover, instruments referred to in a written contract may be regarded as incorporated by reference and thus may be considered in the construction of the contract. 17A Am. Jur. 2d Contracts § 400 (1991). Id.

As the Table of Contents from the closing binder of the transaction indicates, the plaintiff and defendant and/or their controlled entities, executed a number of documents on October 31 2003, all of which were integrated into a single transaction: the stock purchase of the company EMAC Warehouse Services, Inc. See Table of Contents attached as **Exhibit 2**. Among the following are various relevant documents to the purchase of stock transaction:

1. The Stock Purchase Agreement between MacDonald and Oliver Holding Corporation sets forth the terms of payment, promises not to compete, the separate obligations of the parties vis a vis an existing lease, and includes several attachments, including promissory

notes and non-compete agreements. See Stock Purchase Agreement attached as **Exhibit 3**.

2. The Note, the amount of $300,000, was signed both by Oliver Holding Corporation (the stock purchaser) and by Byron D. Oliver, personally, "jointly and severally". See Note attached as **Exhibit 4**.

3. The Non-Compete Agreement was signed by MacDonald, EMAC Warehouse Services, Inc., and Oliver Holding Corporation. It references the non-compete agreement as consideration for the Stock Purchase Agreement, and contains the promise from MacDonald that he will not compete with the company EMAC whose stock he is selling, nor will he either directly or indirectly through any other entity conduct any warehouse business (section 1.1). Further, MacDonald acknowledges that the "Buyers [1](sic) agree to consummate the transactions contemplated by the stock Purchase Agreement, which transaction would not be consummated absent this Agreement. (Section 3.1) . See Non-Compete Agreement attached as **Exhibit 5**.

4. The Assumption and Indemnification Agreement signed by EMAC Transport Co., Inc. (MacDonald's other company, "ETCI"), and Byron Oliver, personally, states that Oliver will assume and indemnify MacDonald's company on its lease guarantee on EMAC's lease in consideration of MacDonald selling his shares in EMAC "to Oliver's wholly owned corporation, Oliver Holding Corporation, a Rhode Island corporation." (p. 1). See Assumption and Indemnification Agreement attached as **Exhibit 6**.

In light of the interconnected nature of the various agreements signed in connection with the Stock Purchase Agreement on October 31, 2003, it is unfair to divorce Byron Oliver's obligations under the Note from the obligations of MacDonald to Oliver's company, Oliver Holding Corporation. Oliver Holding Corporation must be a party able to assert the defense of breach of the Non-Compete. Oliver Holding Corporation can void the obligation to make

[1] Although Oliver Holding Corporation was the only actual "buyer" of the stock, the non-compete ambiguously references "buyers" but, notwithstanding Oliver's personal liability to pay, he is not specifically mentioned.

payment on the Note by asserting a failure of consideration or set off for payments because of the breach of the Non-Compete. Thus, if Oliver Holding Corporation has no liability to MacDonald because of MacDonald's breach, Oliver, personally, should have no liability to MacDonald. Without joining Oliver Holding Corporation, the litigation is subject to the inconsistent results which would be detrimental to the parties and to Oliver Holding Corporation. Similarly, in the absence of Oliver Holding Corporation, Oliver, personally, cannot offset the substantial damages he sustained as a result of the Lease guarantee, which, because of MacDonald's breach of the Non-Compete, left EMAC unable to pay on its Lease and caused Oliver to make payment on the indemnification that otherwise was guaranteed by MacDonald's company, ETCI. If Oliver Holding Corporation prevails against MacDonald for breach of the Non-Compete, Oliver Holding Corporation may be entitled to both compensatory and punitive damages. See Abby Medical Inc. v. Mignacca, 471 A2d. 189 (RI 1984); P.F. G. Corp. v Lobstr Associates, 1993 RI Super Lexis 61 (RI 1993); Smith Development Corporation v. Bilow Enterprises, Inc. 308 A.2d 477 (RI 1973). Clearly these damages would void or offset obligations under the Note. In that event, Oliver would owe nothing to MacDonald. In fact, MacDonald might owe damages to Oliver Holding that exceed the balance on the Note, in the event that the breach is in such bad faith as to require punitive damages.

In summary, contrary to the Plaintiff's effort to treat the Promissory Note in a vacuum separate and apart from the entire business transaction on which it depends, this Court, in "good conscience and equity" must consider the entirety of the Stock Purchase transaction in order to evaluate the parties' obligations as well as breaches to those obligations. See, Rotelli v. Catanzaro, supra., Cianbro Corporation v. Curran, 814 F.2d 7, 14 (1st Cir. 1987); Martin v. Pomeroy Computer Resources, Inc., 87 F. Supp. 2d 496, 498-499 ( D. N.Carolina, 1999); Old

Kentucky Distributing Corp. v. Morin, 50 R.I. 163, 165-166 (1929) (notes executed with other instruments at the same time for the same purpose in the course of the same transaction are to be considered one instrument and construed together);. In light of the above, Oliver Holding Corporation, the buyer of the stock and the holder of the Non-Compete, is a necessary and indispensable party.

**II. Oliver Holding Corporation is an Indispensable Party Because a Fair and Just Adjudication Cannot be Made in its Absence**

**A. Oliver Holding Corporation is a Necessary Party**

Necessary parties under Rule 19 are those "who ought to be made parties, in order that the court may act on the rule (Rule 19) which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." Shields v. Barrow, 58 U.S. 130, 139, 15 L. Ed. 158 (1855). "[A] court essentially will decide whether considerations of efficiency and fairness, growing out of the particular circumstances of the case, require that a particular person be joined as a party." Pujol v. Shearson/American Express, Inc., 877 F.2d 132, 134 (1st Cir. 1989). Z & B Enterprises, Inc., 2006 U.S. App. LEXIS 1124, at 7 (1st Cir. 2006).

There is little doubt that Oliver Holding Corporation, as a party to the promissory note, the stock purchase agreement, and the non-compete agreement, should be joined to this action if feasible. Each of the Rule 19 (a) policies would be served by joinder of Oliver Holding Corporation. First, Oliver Holding was involved in the business negotiation underlying the purchase of stock in MacDonald's company, EMAC. Oliver Holding has rights under the terms of the stock purchase and non-compete agreement not shared by Oliver, individually. Under the terms of the non-compete, Oliver Holding would have damages, compensatory and punitive, against MacDonald

that could set off or cancel any debt owed under the Note. See Cianbro Corporation v. Curran-Lavoie, Inc. 814 F.2d 7, 13 (1st Cir. 1987). Oliver Holding is clearly a necessary party: 1) MacDonald, a party to the subject dispute, may not be entitled to any payment, or reduced payment from Oliver on the Note, if MacDonald's breach of the non-compete with Oliver Holding cancels or offsets payment; Oliver may have no liability on the note if its terms were breached against Oliver Holding; Oliver is impeded, as a practical matter, in presenting his defense by the absence of Oliver Holding; MacDonald could be subject to inconsistent judgments, possibly prevailing against Oliver and losing against Oliver Holding in a subsequent lawsuit. In the event that MacDonald obtained a judgment amount in the subject action, the result could be totally reversed in a subsequent action filed by Oliver Holding against MacDonald. Thus, MacDonald, a party in this action, could be subject to inconsistent judgments in connection with the same transaction. Oliver Holding would not be bound by a judgment against Oliver, individually. If Oliver Holding is not joined, Oliver, individually might be forced to pay MacDonald, but later be unable to obtain contribution from Oliver Holding because Oliver Holding might in a subsequent against MacDonald for breach of non-compete be released from payment obligations; notwithstanding that Oliver individually has paid in full. Alternatively, Oliver Holding Corporation might be subject to different obligations and could file suit against Oliver for indemnity thereby subjecting Oliver to double obligation. Therefore, under the considerations of Rule 19(a), which requires only one of these factors, Oliver Holding is a necessary party. Trombino v. Transit Casualty Co., 110 F.R.D. 139 (D.R.I. 1986).

**B. Oliver Holding Corporation is an Indispensable Party**

Under Rule 19(b) a necessary party who, if joined, will deprive the court of subject matter jurisdiction, must nonetheless be joined if indispensable. An indispensable party is one whom the court determines must be joined in the interest of justice after weighing four non-exclusive

factors. A consideration of these factors in light of the present controversy will establish that Oliver Holding Corporation is an indispensable party.

1. Oliver, Oliver Holding Corporation, and MacDonald, any or all three, could be subject to inconsistent or double obligations if the defenses of Oliver Holding are not factored in to the present litigation;[2]

2. Oliver, and possibly Oliver Holding Corporation, will likely be prejudiced by a judgment against Oliver where Oliver could not avail himself of the defenses of Oliver Holding Corporation;

3. It is in the interest of the courts and the public that a "complete, consistent, and efficient settlement of controversies" be achieved in one forum; and, finally,

4. There is no question that an adequate alternative forum, the Rhode Island Superior Court, is available to the plaintiff.[3]

Based upon the above analysis and an overriding concern for equity and good conscience, the parties, MacDonald should present his claims in state court rather than attempt to manipulate jurisdiction by omitting Oliver Holding Corporation. Therefore, the subject action should be dismissed so that matter can be determined with joinder of all parties having a substantial interest in the outcome. Z & B Enterprises, Inc. v. Figueroa, 2006 U.S. LEXIS 1124, *14 (1st Cir. 2006); Cianbro Corporation v. Curran-Lavoie, Inc. 814 F.2d 7 (1st Cir. 1987); Acton Co., Inc. v. Bachman Foods, Inc., 668 F. 2d 76 (1st Cir. 1982).

[2] In the event of breach of non-compete agreements the breaching party may be liable for both compensatory as well as punitive damages, leaving open the possibility that MacDonald would pay more than he claims he is owed. See Abbey Medical v. Mignacca, 471 A.2d 189 (RI 1984).

[3] Rhode Island courts are a particularly appropriate forum since the agreements among the parties establish that they will be governed and construed in accordance with Rhode Island law.

**Conclusion**

Based upon the foregoing, the Defendant, Byron D. Oliver, requests that the within matter be dismissed for failure to join an indispensable party, Oliver Holding Corporation, which joinder would destroy diversity jurisdiction of this Court.

Byron D. Oliver,
By his Attorneys,

Barbara Harris

Barbara Harris #3023
248 Bowen Street
Providence, RI 02906
Phone: 751-2022
Fax: 751-1440
Email: bhlaw@cox.net

Joshua Teverow, Esquire RI BAR #2132
55 Pine Street
Providence, RI 02903
401-272-2900
401-331-2656 (Fax)

Daniel P. Carter, Esquire RI BAR # 3256
Law Office of Daniel P. Carter
222 Jefferson Blvd.
Warwick, RI 02888
401-732-6863
401-732-5438 (Fax)

**Certification**

I certify that I caused a copy of this document to be served upon the following counsel by fax / first class mail, postage prepaid on the 1st day of April, 2006.

Mark DeSisto Esq.
DeSisto Law
211 Angell Street
Providence, RI 02906

Beth Harris