UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EDWARD MACDONALD,<br>*Plaintiff,*<br>vs.<br>BYRON D. OLIVER,<br>*Defendant.* | C.A. No.: 05-409T |

PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS

NOW COMES Plaintiff and hereby objects to Defendant's Motion to Dismiss for Failure to Join an Indispensable Party. In support thereof, plaintiff relies upon the Memorandum of Law, attached and incorporated herein.

Plaintiff,
By his Attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true and accurate copy of the within was mailed, postage prepaid, on this 20th day of April, 2006 to:

Joshua Teverow, Esq.
55 Pine Street, Suite 5
Providence, RI 02903

Barbara Harris, Esq.
248 Bowen Street
Providence, RI 02906

Daniel P. Carter, Esq.
Law Office of Daniel P. Carter
222 Jefferson Boulevard
Warwick, RI 02888

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EDWARD MACDONALD,<br>*Plaintiff,*<br>vs.<br>BYRON D. OLIVER,<br>*Defendant.* | C.A. No.: 05-409T |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANT'S MOTION TO DISMISS

## I. Introduction

Defendant has moved to dismiss the instant action for failure to name an indispensable party. The party that defendant claims is indispensable is Oliver Holding Corporation, the party jointly and severally liable under the Promissory Note that forms the basis for the instant claim. Plaintiff respectfully submits that defendant's Motion should be denied in that Oliver Holding Corporation is neither a necessary nor indispensable party to the instant action.

## II. Argument

At issue in the instant case is defendant's liability under a Promissory Note entered between the parties in October 2003. *See Exhibit A*. Oliver Holding Corporation (hereinafter "Oliver Holding"), the party that defendant claims is indispensable to the instant action, is also a signatory to this Promissory Note. By the express terms of the Promissory Note, defendant and Oliver Holding are "jointly and severally liable" for payment of the Note. Relying on Oliver Holding's joint liability and damages that Oliver Holding claims to be entitled to for plaintiff's alleged violation of a Non-Compete Agreement, defendant maintains that Oliver Holding is an indispensable party to the instant action. However, plaintiff submits that even if it should ultimately be determined that plaintiff breached the Non-Compete Agreement (which plaintiff

strongly denies) any potential damages that may be owed Oliver Holding for the breach is separate and apart from the instant action and does not negate either parties' obligation under the Promissory Note . As such, Oliver Holding is neither a necessary nor indispensable party and the instant motion should be denied.

In addressing the instant motion, this Court is first guided by the principle that "very few cases should be terminated due to the absence of non-diverse parties unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible." *Jaser v. New York Property, Ins. Underwriting Assoc., 815 F.2d 240, 242 (2d Cir. 1987). Accord Root v. Providence Water Supply Bd., 850 A.2d 94, 100-101 (R.I. 2004) ("When faced with a claim that a litigant has failed to join an indispensable party, a trial justice, whenever possible, should avoid dismissing the complaint; but, in any event, he or she must examine the case to determine whether it can proceed to judgment without adding the party in question").* It is also well established that defendant, as the movant, bears the burden of demonstrating that Oliver Holding is a necessary and indispensable party. *Rojas v. Loewen Group Int'l, 178 F.R.D. 356, 360 (D.P.R. 1998) ("The movant has the burden of showing why the absent party should be joined").*

As described by the First Circuit, a motion to dismiss based on Rule 19 involves a two-step process: first whether the party is necessary under Rule 19(a) and then, if the party is necessary but joinder is not feasible, whether the party is indispensable under Rule 19(b). *Z & B Enters. v. Tastee-Freez Int'l, Inc., 162 Fed. Appx. 16, 18 (1st Cir. 2006).* In the instant case, it is agreed that Oliver Holding, as a Rhode Island Corporation, is a non-diverse party that would destroy this Court's diversity jurisdiction if it were joined in the instant action. Accordingly, in

order to succeed on their motion to Dismiss, defendant must demonstrate that Oliver Holding is both a necessary and indispensable party under Rule 19.

A necessary party is defined as those "who ought to be made parties, in order that the court may act on that rule which requires it to decide on and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *Id. at *7 quoting Shields v. Barrow, 58 U.S. 130 (1855)*. As outlined by the Rule itself, a party is a necessary party if "(1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.P., Rule 19(a). The reference to complete relief in Rule 19(a) applies only to "relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *Atlantic Aero, Inc. v. Cessna Aircraft Co., 93 F.R.D. 333, 335 (M.D.N.C. 1981) (holding that possible indemnity rights against a party do not make an absent joint tortfeasor an indispensable party).*

Rule 19(b) also outlines the factors to be considered in determining whether a party qualifies as an indispensable party. "[F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is

dismissed for non joinder." Fed.R.Civ.P, Rule 19(b). The First Circuit has also commented that:

> "true indispensable parties are only those whose interests could not be excluded from the terms or consequences of the judgment and leave anything, or appreciably anything, for the judgment effectively to operate upon, as where the interests of the absent party are inextricably tied in to the cause [citations omitted] or where the relief really is sought against the absent party alone [citation omitted]. In other words, if there may be a viable judgment having separable affirmative consequences with respect to parties before the court, and the inquiry is concerned solely with the inequities, in the light of the total circumstances, resulting from the inability to affect absent interested parties, then such other parties should be defined as merely necessary, not indispensable."
>
> *Stevens v. Loomis, 334 F.2d 775, 777 (1st Cir. 1964).*

In the first instance, it is apparent that Oliver Holding is not an indispensable or even a necessary party by virtue of the fact that it is jointly and severally liable under the Promissory Note. *See i.e. Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 691 (1st Cir. 1993) ("The district court ruled that because defendants and the non-diverse MPPR were alleged to be jointly and severally liable for the legal fees owed plaintiff, joinder of MPPR was not mandatory, but was merely permissive. The district court's ruling on this issue is patently correct."); U.S.I. Props. Corp. v. M.D. Constr. Co., 860 F.2d 1, 7 (1st Cir. 1988) (inasmuch as, under Puerto Rico law, plaintiff could choose to sue guarantor, debtor or both, guarantor was not indispensable party for purposes of Rule 19).* These holdings stem in part from the Committee Notes to Rule 19 which reaffirms the position that Rule 19 was not intended to change the settled authorities' holding that a joint tortfeasor is merely a permissive party to an action against another with like liability. Like the injured victim who may bring suit against one or all of the liable joint tortfeasors, plaintiff also enjoys the option of seeking to recover from either party and is not required to bring an action against both. Id. See also *Temple v. Synthes Corp., 498 U.S. 5, 8 (U.S. 1990) (joint tortfeasors not necessary parties under Rule 19).*

In apparent recognition that Oliver Holding's joint liability under the Promissory Note is insufficient to render them indispensable or even necessary under Rule 19, defendant maintains that Oliver Holding is a necessary and indispensable party to the instant action because Oliver Holding may be entitled to damages based on their potential claim against plaintiff for breach of the Non Compete Agreement. Plaintiff submits that even if Oliver Holding were successful in its claim that plaintiff breached the Non-Compete Agreement, which plaintiff vehemently denies, such a breach does not negate the obligation held by both parties, jointly and severally, under the Promissory Note. Although Defendant makes reference to the possibility that Oliver Holding "can void the obligation to make payment on the Note by asserting failure of consideration," *Memorandum, at 7-8,* defendant noticeably does not offer any support for this position by way of citation or argument. It is also noteworthy that in the Counterclaim brought before this Court, defendant does not seek rescission of the contract for this alleged failure of consideration. Rather, defendant merely seeks damages in the form of compensatory and punitive. The reason is even if Oliver Holding were successful in its alleged claim for breach of the Non-Compete, the most it would be entitled to is compensatory damages stemming from that breach. Such damages are based on the profit plaintiff allegedly made at the expense of Oliver Holding. *P.F.G. Corp. v. Lobster Associates, 1993 R.I. Super Lexis 61 (RI 1993).* The potential right to collect such damages does not negate or void either defendant's or Oliver Holding's obligations under the Promissory Note and does not render Oliver Holding a necessary or indispensable party.

Addressing the factors outlined under Rule 19(a) and (b) bears this out. First, Oliver Holding does not qualify as a "necessary party." As noted, the fact that plaintiff may potentially be deemed to owe Oliver Holding damages for the alleged breach of the Non-Compete

Agreement does not negate defendant's obligations under the Note. As such, even in the absence of Oliver Holding, complete relief can be accorded between plaintiff and defendant. In addition, despite defendant's protest to the contrary, if defendant is found liable to plaintiff under the Note, defendant can still maintain a claim for contribution against Oliver Holding. Defendant thus will not be at risk of incurring "double, multiple or otherwise inconsistent obligations." Fed.R.Civ.P., Rule 19(a). It appears that defendant is relying on the fact that Oliver Holding will have to maintain a separate action against plaintiff in order to recover for the alleged violation of the non-compete and defendant in turn will have to bring a separate action to recover from Oliver Holding. However, while "[i]t is true that 'the defendant may properly wish to avoid multiple litigation, or inconsistent relief, or sole responsibility he shares with another.' [ ] Nonetheless, it takes more than the impending hazard of such a predicament to make a party necessary under Rule 19(a)(2)(ii)." *Marshall v. Navistar Int'l Transp. Corp., 168 F.R.D. 606, 610 (D. Mich. 1996) quoting Provident Bank & Trust Co. v. Patterson, 390 U.S. 102, 110 (1968). See also Janney Montgomery Scott v. Shepard Niles, 11 F.3d 399 (3rd Cir. 1993) (holding that absent party was not necessary even though potentially liable for contribution).* Oliver Holding, therefore, is not a necessary party under Rule 19. Because the threshold requirements of Rule 19(a) have not been satisfied, no inquiry under Rule 19(b) is necessary. *Temple v. Synthes Corp., 498 U.S. 5, 8 (1990).*

Nevertheless, even if Oliver Holding were deemed to be a "necessary party" under Rule 19(a), they are not an indispensable party under Rule 19(b). As noted, defendant will not be prejudiced by the absence of Oliver Holding from the instant action. Defendant will still have an adequate remedy by maintaining the ability to seek contribution from Oliver Holding for any amount defendant may be ordered to pay plaintiff. In turn, if Oliver Holding ultimately brings an

action for breach of the Non-Compete and is successful, it could pay defendant its share of the obligation under the Promissory Note with any money (if any) that Oliver Holding may collect from plaintiff for the alleged breach of the Non-Compete. See i.e. Lombardi v. Electromet Co., *540 A.2d 16, 18 (R.I. 1988) (Decision not to add plaintiff did not prejudice party's rights to proceed against the defendants in a separate action. Therefore party, at most, was a necessary party).* In this case, it is thus apparent that "there may be a viable judgment having separable affirmative consequences with respect to parties before the court" even in the absence of Oliver Holding. Stevens, *334 F.2d at 777.* Consequently, Oliver Holding is not an indispensable party to the instant action.

## II. Conclusion

Accordingly, for the reasons cited herein, as well as those that may be raised at hearing, plaintiff respectfully requests that Defendant's Motion to Dismiss for Failure to Name an Indispensable Party be denied.

Plaintiff,
By his Attorney,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that a true and accurate copy of the within was mailed, postage prepaid, on this 20th day of April, 2006 to:

Joshua Teverow, Esq.
55 Pine Street, Suite 5
Providence, RI 02903

Barbara Harris, Esq.
248 Bowen Street
Providence, RI 02906

Daniel P. Carter, Esq.
Law Office of Daniel P. Carter
222 Jefferson Boulevard
Warwick, RI 02888