# PROMISSORY NOTE

U.S. $300,000.00

Providence, Rhode Island

October 31, 2003

FOR VALUE RECEIVED, the undersigned, Oliver Holding Corporation and Byron D. Oliver, of St. John V. I., jointly and severally (hereinafter collectively referred to as "Obligor"), promise to pay to Edward MacDonald, of Johnston, Rhode Island, or order (hereinafter "Obligee"), the principal sum of Three Hundred Thousand and No/100 ($300,000.00) Dollars, together with interest in arrears on the unpaid principal balance from time to time outstanding from the date hereof until the entire principal amount due hereunder is paid in full, at the rate hereinafter provided. Interest shall be calculated on the basis of the actual number of days elapsed over a period of 365 days and shall be at an annual rate (whether before or after maturity) equal to five (5.00%) percent.

Principal and interest payments in the amount of Four Thousand Two Hundred Thirty-Eight and 18/100 ($4,238.18) Dollars, shall be due and payable monthly, commencing on November 30, 2003, and continuing on the same day of each month thereafter until October 31, 2010 when the entire principal balance and all accrued interest under this Note shall be due and payable.

Principal and interest shall be paid to Obligee at 9 Crystal Court, Johnston, Rhode Island, 02919, or at such other address as the Obligee may specify in writing.

The undersigned may prepay, without premium or penalty, all or any portion of this Note from time to time and at any time.

Obligee shall be allowed to declare that this Note shall become due and payable at once in the event that:

(i) Obligor shall fail to make any payment of principal and interest on this Note when and as the same shall become due and payable, and such failure shall continue for ten (10) days;

(ii) Obligor shall institute proceedings to be adjudicated voluntary bankrupt, or shall consent to the filing of a bankruptcy proceeding against him, or shall file a petition seeking reorganization or arrangement of similar relief under the federal or state bankruptcy or insolvency laws now or hereafter existing, or if any order shall be entered which shall not be vacated, set aside or stayed within sixty (60) days from the date of entry, adjudicating the Obligor bankrupt or approving a petition filed against Obligor for, or effecting a reorganization or arrangement pursuant to said bankruptcy or insolvency laws;

(iii) Obligor shall sell, convey or otherwise transfer all or any portion of the Collateral (as hereinafter defined) without the prior written consent of Obligee, which consent shall not be unreasonably withheld; or

(iv) Death of Byron D. Oliver.

Obligor expressly waives notice of non-payment, presentment, demand for payment, or protest.

The failure of Obligee at any time or times hereunder to require strict performance by the Obligor of any of the provisions, warranties, terms and conditions contained in this Note or in any other agreement, guaranty, instrument, or document now or at any time or times hereafter executed by the Obligor and delivered to Obligee shall not waive, affect, or diminish any right of Obligee at any time or times to demand strict performance thereof; and no rights of Obligee hereunder shall be deemed to have been waived by any act or knowledge of Obligee, its agents, officers, or employees, unless such waiver is contained in an instrument in writing signed by Obligee and directed to the Obligor specifying such waiver. No waiver by obligee of any of its rights shall operate as a waiver of any other of its rights on a future occasion.

In the event of any default hereunder, the Obligor agrees to pay all reasonable costs of collection including, without limitation, reasonable attorneys' fees, for the Obligee for all services rendered in that connection.

Any notice to Obligor provided for in this Note shall be given by mailing such notice, certified mail, return receipt requested, addressed to Obligor at PO Box 728, 13 Monte Bay Road, St. John USVI 00831 or at such other address as Obligor may designate by written notice to the Obligee. Any notice to the Obligee shall be given by mailing such notice, certified mail, return receipt requested, to the Obligee at 9 Crystal Court, Johnston, Rhode Island, 02919, or at such other address as Obligee may designate by written notice to the Obligor. Any notice issued in accordance with this Note shall be effective on date of receipt.

This Note is entered into and made pursuant to the laws of the State of Rhode Island

and shall in all respects be governed, construed, applied and enforced in accordance with the laws of said State, and any dispute arising hereunder shall be resolved in courts located in the State of Rhode Island.

This Note is secured by a pledge agreement dated even date herewith, a guaranty of EMAC Warehouse Services, Inc. ("Guarantor") and a pledge securing substantially all of the assets of Guarantor (referred to herein as the "Collateral").

In the Presence Of:

______________________

______________________

Oliver Holding Corporation

By: ______________________
Byron D. Oliver
Its President

______________________
Byron D. Oliver, individually

agrement\EMACWarehouse\note-Ed2.doc