UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**Edward MacDonald**

vs. **CA No. 05-409T**

**Byron D. Oliver**

DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS

The cases cited by Plaintiff are clearly distinguishable from the facts in the instant case. Plaintiff cites personal injury cases that stand for the proposition that it is permissible to sue only one tortfeasor leaving that tortfeasor to seek contribution from the co-tortfeasers. Plaintiff further cites a business case where none of the requisite elements of a Rule 19 analysis were present.[1]

The instant case, however, concerns a stock purchase agreement conditioned upon a noncompete agreement for the benefit of the co-obligor stock purchaser, Oliver Holding Corporation, (the unjoined indispensable party). The case law is clear that a noncompete agreement constitutes a condition bargained for in the total purchase price paid for a business; and that breach of a noncompete agreement creates a failure of consideration.[2] See Estate of Jackson v. Safeway System, Inc., 1983 R.I. Super. LEXIS 53. Further, breach of a noncompete in connection with sale of a business may not only relieve a buyer of the obligation to pay on the note, but also subject the seller to pay the buyer's attorneys fees as well as punitive damages. Abbey Medical v. Mignacca, 471 A.2d 189 (RI 1984). In the instant case there are two obligors, Byron Oliver and Oliver Holding Corp., but the

[1] Lombardi v. Electromet Co, 540 A.2d 16 (R.I. 1988).
[2] In re Clarkeies Market, LLC, 2004 BNH 24, 2004 Bankr. Lexis 1851 (Bankr. D. NH 2004).

noncompete runs only to the buyer, Oliver Holding Corp., which is not joined. Thus, MacDonald, the plaintiff, could be subject to inconsistent obligations in connection with the same transaction. MacDonald might have no obligation to return payments to Oliver (who does not hold the noncompete) but in a subsequent lawsuit, be required to disgorge payments and even to pay punitive damages to Oliver Holding Corporation. If Oliver Holding is not joined, Oliver individually might be required to pay MacDonald, but later be unable to obtain contribution from Oliver Holding in the event that Oliver Holding is excused from payment obligations by virtue of MacDonald's breach of the noncompete agreement.

The prejudice to Oliver is highlighted within the Plaintiff's own brief where Plaintiff states: "..if Oliver Holding ultimately brings an action for breach of the Non-Compete and is successful, it could pay defendant (Oliver) its share of the obligation under the Promissory Note with any money (if any) that Oliver Holding may collect from plaintiff for the alleged breach of the Non-Compete". Plaintiff's Memorandum P. 7-8. First, the plaintiff concedes the potential of MacDonald being subject to inconsistent obligations on the promissory note. Second, the Plaintiff states that Oliver Holding "could pay" defendant Oliver, but provides no legal basis that requires Oliver Holding to reimburse Oliver if Oliver pays a debt that Oliver Holding Corp. is subsequently released from paying due to failure of consideration. The central issue - failure of consideration underlying the obligation to pay on the promissory note - cannot be determined in the absence of Oliver Holding Corporation.

Based upon the foregoing and the prior memorandum, the Defendant, Byron D. Oliver, requests that the within matter be dismissed for failure to join an indispensable party, Oliver Holding Corporation, which joinder would destroy diversity jurisdiction of this Court.

Byron D. Oliver,
By his Attorneys,

Barbara Harris #3023
248 Bowen Street
Providence, RI 02906
Phone: 751-2022
Fax: 751-1440
Email: bhlaw@cox.net

Joshua Teverow, Esquire RI BAR #2132
55 Pine Street
Providence, RI 02903
401-272-2900
401-331-2656 (Fax)

Daniel P. Carter, Esquire RI BAR # 3256
Law Office of Daniel P. Carter
222 Jefferson Blvd.
Warwick, RI 02888
401-732-6863
401-732-5438 (Fax)

**Certification**

I certify that I caused a copy of this document to be served upon the following counsel by fax / first class mail, postage prepaid on the 25thday of April, 2006.

Mark DeSisto Esq.
DeSisto Law
211 Angell Street
Providence, RI 02906