# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**Edward MacDonald**

vs. **CA No. 05-409T**

**Byron D. Oliver**

## DEFENDANT'S MOTION TO AMEND ANSWER AND COUNTERCLAIM TO COMPLAINT

Byron D. Oliver, pursuant to Federal Court Rules of Civil Procedure 12 and 15, hereby moves to Amend his Answer to file affirmative defenses and amend his compulsory counter-claim against the plaintiff in the above- entitled matter in the form attached hereto and entitled "Amended Answer and Counter-claim of Byron D. Oliver".

Byron D. Oliver,
By his Attorneys,

Barbara Harris #3023
248 Bowen Street
Providence, RI 02906
Phone: 751-2022
Fax: 751-1440
Email: bhlaw@cox.net

Joshua Teverow, Esquire RI BAR #2132
55 Pine Street
Providence, RI 02903
401-272-2900
401-331-2656 (Fax)

Daniel P. Carter, Esquire RI BAR # 3256
Law Office of Daniel P. Carter
222 Jefferson Blvd.
Warwick, RI 02888
401-732-6863

401-732-5438 (Fax)

**Certification**

I certify that I caused a copy of this document to be served upon the following counsel by fax / first class mail, postage prepaid on the 1St day of april, 2006.

Marc DeSisto Esq.
DeSisto Law
211 Angell Street
Providence, RI 02906
272-9937

Barbara Harris

GRANTED
Ernest C. Torres

Ernest C. Torres
Chief, US District Judge
5/16/06

# EXHIBIT A

EXH A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**EDWARD MACDONALD.**
**Plaintiff,**

VS. C.A. NO.: 05-409 T

**BYRON D. OLIVER**
**Defendant.**

## AMENDED ANSWER AND COUNTERCLAIM OF BYRON D. OLIVER

## I. ANSWER:

1. The Defendant neither admits nor denies the allegations contained in Paragraph 1 of the Complaint, but leaves Plaintiff to his proof.

2. The Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. The Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. The Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5. The Defendant neither admits nor denies the allegations contained in Paragraph 5 of the Complaint, but leaves Plaintiff to his proof.

6. The Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. The Defendant admits the existence of a Promissory Note, but neither admits nor denies the particulars of the Promissory Note, and asserts that the document speaks for itself.

8. The Defendant admits the existence of a Promissory Note, but neither admits nor denies the particulars of the Promissory Note, and asserts that the document speaks for itself.

9. The Defendant admits the existence of a Promissory Note, but neither admits nor denies the particulars of the Promissory Note, and asserts that the document speaks for itself.

10. The Defendant admits the existence of a Promissory Note, but neither admits nor denies the particulars of the Promissory Note, and asserts that the document speaks for itself.

11. The Defendant denies the allegations contained in Paragraph 11 of the Complaint based on the Plaintiff's conduct as described in the Counterclaim below.

12. The Defendant denies the allegations contained in Paragraph 12 of the Complaint based on the Plaintiff's conduct as described in the Counterclaim below.

13. The Defendant denies the allegations contained in Paragraph 13 of the Complaint based on the Plaintiff's conduct as described in the Counterclaim below.

## AFFIRMATIVE DEFENSES

### First Defense

The Defendant asserts that because of the Plaintiff's own actions, the Plaintiff is estopped from asserting the claims contained in the Complaint based upon the "clean hands doctrine".

### Second Defense

The Defendant pleads the doctrine of recoupment and offset based on the Plaintiff's conduct as outlined in the Counterclaim below.

### Third Defense

The Defendant pleads the defense of failure to join a party or parties indispensable under Rule 19.

<u>Fourth Defense</u>

The Defendant pleads the defense of lack of subject matter jurisdiction because the necessary joinder of an indispensable party or parties will destroy diversity jurisdiction which is the basis for this Court's jurisdiction in this matter.

<u>Fifth Defense</u>

The Defendant pleads the doctrine of unjust enrichment.

<u>Sixth Defense</u>

The Defendant pleads the defense of failure of adequate consideration.

<u>Seventh Defense</u>

The Defendant pleads the defense that Plaintiff breached the terms of the Stock Purchase Agreement, and Non-compete Agreement causing a failure of consideration under the subject Promissory Note.

<u>Eighth Defense</u>

The Defendant pleads the defense that some or all of Plaintiff's alleged damages are the direct consequence of Plaintiff's own actions in bad faith.

<u>Ninth Defense</u>

Plaintiff's claims are not well grounded in fact or warranted by existing law in violation of R.I.G.L. § 9-29-21 and USCS Fed Rules Civ Proc R 11, and have resulted in needless increase in the cost of litigation such that the Plaintiff should be ordered to pay an amount of

reasonable expenses and attorney's fees incurred because of Plaintiff's actions.

WHEREFORE, the Defendant prays that the Complaint be dismissed, and that the Plaintiff recover nothing, and that the Defendant be awarded his costs and attorneys fees in defending this action.

## II. COUNTERCLAIM:

1. This Counterclaim is brought to pursue economic and exemplary or punitive damages to the Defendant caused by the Plaintiff's conduct in violating the terms of a Stock Purchase Agreement, and a Non-Compete Agreement (the "Non-Compete Agreement") which, among other things, were the underlying basis for consideration for a Promissory Note ("Note") entered into between the Plaintiff, and the Defendant and Defendant's related entities, EMAC Warehouse Services, Inc., a Rhode Island Corporation, and Oliver Holding Corporation, a Rhode Island Corporation ("Defendant's Entities").

2. The Non-Compete Agreement was entered into by the Defendant's Entities and the Plaintiff concurrently on October 31, 2003 with the Promissory Note which is the subject of the Complaint (the "Note"), and in fact the Note evidences a portion of the purchase price of the Plaintiff's shares of stock in EMAC Warehouse Services, Inc. ("EMAC"), and the Note is signed as joint obligors by both the Defendant and Oliver Holding Corporation ("OHC"), one of the Defendant's Entities, which actually acquired the Plaintiff's shares of stock in EMAC.

3. The Note, the Stock Purchase, a related Lease Indemnification Agreement signed by

the Defendant, and the Non-Compete Agreement are interrelated, amongst other documents signed on October 31, 2005 by the Plaintiff, the Plaintiff's entity, the Defendant, and the Defendant's Entities, including Oliver Holding Corporation (OHC), the co-obligor on the Note, and all of those documents are related to a transaction in which the Defendant through the Oliver Holding Corporation purchased a controlling interest in EMAC, including the shares of stock of the Plaintiff in EMAC, with the Plaintiff previously having owned a significant interest in EMAC.

4. Under the terms of the Non-Compete Agreement, a copy of which is attached hereto as Exhibit A to this Counterclaim, the Plaintiff (and his related entities) as the seller of his shares of stock in EMAC to OHC agreed, inter alia, not to compete with EMAC in the warehousing of goods for EMAC's existing customers, and moreover not to compete in any warehouse business either alone or in association in the State of Rhode Island for a period of 2 years (the "Non-Compete Agreement")from the date of purchase.

5. The Plaintiff has in fact competed with EMAC during the term of the Non-Compete Agreement through his related entity, E. MAC Transport Co., Inc., ("ETCI"), by, inter alia, causing ETCI to conduct significant warehousing business through the use of storage trailers rented to one of EMAC's largest customers, American Power Conversion, in complete and utter disregard of the provisions of the Non-Compete Agreement. In fact, the Plaintiff, through ETCI, conducted such storage for American Power Conversion in violation of the Non-Compete Agreement, at the same premises

which EMAC had previously leased a portion of a building for its storage of American Power Conversion's goods.

6. The Non-Compete Agreement referenced the Stock Purchase Agreement between the parties, which in turn serves as the basis of the Note which is the subject of the Complaint.

7. The conduct of the Plaintiff in violation of the Non-Compete Agreement as described above, took place during the term of the Non-Compete Agreement and specifically up to and prior to the expiration of the Non-Compete Agreement's restrictive covenants on October 31, 2005.

8. The conduct of the Plaintiff as described in this Counterclaim and otherwise, has caused the Defendant significant financial harm as a principal of OHC (which in turn is a principal of EMAC), and as an indemnifier of certain lease obligations of the Plaintiff's entity ETCI to EMAC's former landlord. This financial harm includes but is not limited to the loss of significant revenue by EMAC from American Power Conversion, and possible that of other customers as well, based on the Plaintiff causing ETCI to improperly divert a portion of American Power Conversion's warehousing business from EMAC to ETCI. In addition, the loss of customer revenue as a result of the Plaintiff's breach of Non-Compete Agreement has caused the Defendant to be compelled to pay over $300,000 to EMAC's former landlord.

Wherefore, the Defendant demands judgment against the Plaintiff for an amount of compensatory and punitive or exemplary damages deemed appropriate by this Court, in

addition to interest, costs, and attorney's fees.

Byron D. Oliver,
By his Attorneys,

**Barbara Harris #3023**
248 Bowen Street
Providence, RI 02906
Phone: 751-2022
Fax: 751-1440
Email: bhlaw@cox.net

Joshua Teverow, Esquire
Joshua Teverow, Esquire, Ltd.
55 Pine Street
Providence, RI 02903
401-272-2900
401-331-2656 (Fax)
RI BAR #2132

Daniel P. Carter, Esquire RI BAR # 3056
Law Office of Daniel P. Carter
222 Jefferson Blvd.
Warwick, RI 02888
401-732-6863
401-732-5438 (Fax)

Dated: March 31, 2006

**Certification**

I certify that I caused a copy of this document to be served upon the following counsel by fax / first class mail, postage prepaid on the 1st day of April, 2006.

Marc DeSisto Esq.
DeSisto Law
211 Angell Street
Providence, RI 02906
272-9937